**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4332**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

QUINCY DEMERY,

Defendant - Appellant.

**No. 05-4510**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEFFREY DARRYL WAFER,

Defendant - Appellant.

Appeals from the United States District Court for the Western
District of North Carolina, at Statesville.  Richard L. Voorhees,
District Judge.  (CR-03-15)

Submitted:  November 30, 2005          Decided:  January 5, 2006

Before LUTTIG and WILLIAMS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Reita P. Pendry, Charlotte, North Carolina; Andrew B. Banzhoff, Asheville, North Carolina, for Appellants. Gretchen C. F. Shappert, United States Attorney, Matthew T. Martens, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jeffrey Darryl Wafer and Quincy Demery appeal their convictions for bank robbery in violation of 18 U.S.C. § 2113(a), (d) (2000) and using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (2000).  Finding no reversible error, we affirm.

Demery and Wafer claim that the district court erred in denying their motion for a judgment of acquittal.  We review the district court's decision to deny a motion for judgment of acquittal de novo.  United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001).  If the motion was based on insufficiency of the evidence, the verdict must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it.  Glasser v. United States, 315 U.S. 60, 80 (1942).

Demery and Wafer argue that no direct evidence of their guilt exists and that the Government presented only circumstantial evidence.  A defendant may be convicted using circumstantial evidence, and the government is given the benefit of all reasonable inferences from the facts proven to the facts sought to be established.  United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).  The jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence.  United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994).

While no direct evidence existed and no one piece of circumstantial evidence is conclusive, taking all the circumstantial evidence together the jury weighed the credibility of the witnesses and evidence and made reasonable inferences that Demery and Wafer committed the bank robbery. Taking the view most favorable to the Government, there is sufficient evidence to support the guilty verdict. The district court did not err when it denied Demery and Wafer's motion for a judgment of acquittal.

Demery and Wafer claim that their indictment is duplicitous because a single count charged them with using and carrying a firearm during a crime of violence and with possessing a firearm in furtherance of a crime of violence, both in violation of 18 U.S.C. § 924(c). However, a duplicity challenge must be made prior to trial under Fed. R. Crim. P. 12(b)(2) and (f), absent cause for waiver. See United States v. Price, 763 F.2d 640, 643 (4th Cir. 1985). Demery and Wafer failed to establish that they raised this issue prior to trial and also failed to establish any cause. Therefore, the claim is waived.

Demery and Wafer claim that the Government knowingly presented perjured testimony at trial. The knowing use of perjured testimony constitutes a due process violation when there is "any reasonable likelihood that the false testimony could have affected the judgment of the jury." United States v. Agurs, 427 U.S. 97, 103 (1976). Demery and Wafer did not cite any specific perjurious

statements.  Without any evidence of actual perjury, Demery and Wafer cannot prove a perjury claim.

Demery and Wafer finally claim that the Government violated their due process rights by concealing from them the Government's suspicions of Labrina White's involvement in the robbery.  Because Demery and Wafer did not object on this ground at their trial, we review their claim for plain error.  United States v. Olano, 507 U.S. 725, 732-34 (1993).  To meet the plain error standard:  (1) there must be an error; (2) the error must be plain; and (3) the error must affect substantial rights.  Id.  If the three elements of the plain error standard are met, the court may exercise its discretion to notice error only if the error seriously affects "the fairness, integrity, or public reputation of judicial proceedings." Id. at 736 (citation omitted).

Demery and Wafer contend that the Government's failure to reveal its suspicions about White violated Brady v. Maryland, 373 U.S. 83, 87 (1963).  To prove a Brady violation, a defendant must show he requested undisclosed evidence and that it was (1) favorable; (2) material; and (3) the prosecution had it and failed to disclose it.  See Moore v. Illinois, 408 U.S. 786, 794-95 (1972); United States v. Stokes, 261 F.3d 496, 502 (4th Cir. 2001).  Evidence tending to impeach a government witness must be disclosed to a defendant if known to the government.  Giglio v. United States, 405 U.S. 150, 153 (1972).

- 5 -

The record does not reveal the extent of the Government's suspicions about White's involvement in the robbery, but Demery and Wafer do not cite any evidence of those suspicions withheld from them except for the original notes of law enforcement officers. As Demery and Wafer concede, they had access to report summaries of the officers that included the material information contained in the notes. Demery and Wafer simply theorize that the Government must have had more evidence proving White's participation in the robbery. Demery and Wafer have failed to identify any actual evidence the Government suppressed and thus cannot establish a Brady claim. Moreover, Demery and Wafer had sufficient information of the possible participation of White from the facts in the record and could have impeached White with that suspicion or investigated it further before the trial. Demery and Wafer cannot prove error, that the error was plain, or that it affected their substantial rights.

Accordingly, we affirm Demery and Wafer's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 6 -